GOVE vs. WOOSTER and PAYNE.

That all parties executing a deed, did so by mistake, in consequence of the scrivener having so drawn it that the covenants were inverted, is a good defence under the plea of non est factum. (a)

COVENANT. The facts of the case are sufficiently stated in the opinion of the court.

*By the Court*, COWEN, J. This is an action of covenant. The parties met and agreed that the plaintiff should advance goods to the defendants, and that the latter should on a subsequent day deliver certain oars to the plaintiff in payment for the goods.

By mistake, however, in using the words "party of the first part" where they should have been "of the second part," the scrivener drew up a deed, which was executed

(a) See *Mowatt* v. *Wright*, 1 Wend., 173; *Wheaton* v. *Olds*, 20 id., 174; *Leger* v. *Bonaffe*, 2 Barb. 475.

by the parties, so that the stipulations were exactly inverted, the plaintiff being to deliver the oars and the defendants to advance the goods; but the mistake was not discovered till after the plaintiff had fulfilled his supposed covenant. To obtain satisfaction for the advance, the plaintiff sued the defendants on the mistaken covenant, upon which a verdict was directed for the plaintiff, for the value, &c., $160.50, subject to the opinion of the court. The plea was non est factum.

That this contract, as shaped, could not be enforced in a court of chancery, no doubt can exist. That a court of equity would have rectified it, however, and then enforced it, I think equally clear, unless Payne is to be let off with the advantage he has obtained, on account of being a surety.

These parties never suspected, any more than a child unborn, what sort of instrument they were executing. It was the direct contrary of what they supposed; and it appears to me that here was as complete a substitution of one instrument for another as could be imagined. The case comes within the principle laid down by Spencer, J., in *Van Valkenburgh* v. *Rouk*, 12 Johns., 338, 9. This case is the only authority cited to me by counsel on either side; and other cases, as far as I have looked into them, are only a repetition of the general principle, that where one paper is substituted for another and executed under a false supposition that it is the true one, the defence is available under the plea of non est factum. (See 6 Munf., 366; 2 Rand., 426.) And I understand it to go not exclusively on the ground of fraud in the substitution. The deed of a party non compos mentis, is void. (*Thompson* v. *Leach*, 3 Mod., 301, 310; *S. C.*, 1 Ld. Raym., 313, 315, and 2 Ventr., 198; *Yates* v. *Boen*, 2 Str., 1104.) Yet here may be no fraud. Now, I ask, did these parties know what they were signing any more than a non compos? No, not so much. He may have some glimmer of what he is about. These parties had not. The judgment must be for the defendants.

Judgment for defendants.